I disagree with the analysis in Part I of the unpublished memorandum regarding preservation and due diligence.[1] I believe that the issue of the trial court's denial of James Anthony Ball's motion for a transcript of his two previous trials, which ended in mistrials, is properly before this Court, and that the trial court's denial of the motion was error underBritt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431,30 L.Ed.2d 400 (1971). However, under the circumstances in this case, I believe the error was harmless. See, e.g., UnitedStates v. Tyler, 943 F.2d 420 (4th Cir.1991) (recognizing that harmless-error analysis applies to Britt
violations). The sole issue at trial was Ball's sanity; Ball conceded that he committed the crime, and he stipulated to facts of the crime.[2] Six of the state's witnesses in the present trial testified in one or both of Ball's previous trials. However, none of those witnesses offered any testimony in the present trial regarding Ball's sanity[3] and their testimony in the present trial was consistent with their testimony at the previous trials. Under these circumstances, I do not believe that Ball was prejudiced by not having the transcripts of the previous trials. Therefore, I concur in the result.
[1] I agree with Parts II, III, and IV of the unpublished memorandum.
[2] Indeed, Ball did not even cross-examine the majority of the witnesses the State called to establish the crime.
[3] In the first trial, Charles McMullen, the lawenforcement officer who took Ball's statement, testified that, in his opinion, Ball was sane. However, McMullen was not questioned regarding his opinion of Ball's sanity in the third trial.
 *Page 327